Lottie Garbutt, Appellant, v. Citizens' Life and Endowment Association, Appellee.

1. **Mutual Benefit Insurance**: FORFEITURE OF CERTIFICATE: WAIVER. The receipt and retention by a mutual benefit association of the annual dues of one of its members after the occurrence of a forfeiture of such member's certificate, upon condition that he was in his usual good health when said dues were remitted, will not operate as a waiver of said forfeiture, where such member was at the time of said remittance suffering from a disease from which he soon afterwards died, and the company was ready at all times to return said dues after acquiring knowledge of the member's condition. Neither will such forfeiture be waived by making an assessment upon the member for a death loss after the default in the annual dues, if such loss occurred prior to the default in the payment of dues.

2. ———: ———: NOTICE: DEFAULT OF ASSOCIATION.  The certificate in question constituted both the plaintiff and one J. G. members of the defendant association, and obligated the company to give a written or printed notice, calling for the payment of dues, directed to the address of each member as it appeared upon the books of the association.  The name of the plaintiff was not entered upon the books of the association, and no notice or demand for dues was mailed to her, but one was sent to J. G., the receipt of which, however, was not known to the plaintiff.  *Held*, that the association, having failed to give notice to the plaintiff as required, it was not entitled to claim a forfeiture of the certificate.

*Appeal from Cherokee District Court.*—Hon. C. H. LEWIS, Judge.

SATURDAY, JANUARY 23, 1892.

THE defendant is an assessment insurance company.  The plaintiff and John Garbutt held a benefit certificate in said company.  John Garbutt died on the eighth day of March, 1887.  This is an action in equity by which the plaintiff seeks to compel the defendant to make an assessment on its members to pay said death loss.  The defendant filed an answer, to which the plaintiff demurred.  The demurrer was overruled.  Judgment was rendered against the plaintiff for costs, and she appeals.—*Reversed*.

*Ernest C. Herrick*, for appellant.

*M. Wakefield*, for appellee.

ROTHROCK, J.—It is not necessary to set out the pleadings in full.  We will state what we regard as the material facts which are admitted by the demurrer to the answer.  The benefit certificate was issued to the plaintiff and John Garbutt on the twenty-ninth day of May, 1886, and was in the sum of twenty-five hundred dollars.  It recites that twenty dollars was in hand paid by the insured, and there is an obligation to pay assessments for death losses, and in consideration of the payment the plaintiff and John Garbutt were con-

stituted members of the association. The language in reference to their membership is important. It is as follows:

"John Garbutt and Lottie Garbutt have this day been admitted as members * * * and are entitled to all the benefits and advantages of fellow members named in the rules of the association, and to a benefit in case of the death of either party, while a member of this association, in the amount of such sum as may be collected from an assessment made upon all members according to the policies held by each, less ten per cent."

Among the conditions of the certificate or policy are the following:

"*Conditions*: The persons to whom this policy is issued agree to pay to the association an annual due of four dollars and fifty cents on the first day of November in each year hereafter. Three annual dues only are required on this policy; providing, however, that the waiving of annual dues shall in no way be construed to waive any payment of assessments for death losses; that, if these assessments for annual dues are not received by this association within sixty days from date of notice, then this policy shall be null and void and of no effect. A printed or written notice directed to the address of each member, as they appear on the books of the association, and forwarded as aforesaid, shall be deemed legal notice. No alteration of the terms of this contract shall be valid, and no forfeiture thereunder shall be waived, unless such alteration or waiver shall be in writing, and signed by general manager and no other officer of the association. No agent of this association has authority to make, alter or discharge contracts, waive forfeiture, extend credit or grant permits."

The plaintiff's name did not appear on the books of the company. A written notice directed to the address of John Garbutt was mailed to him in proper

time, advising him of the fact that the annual dues must be paid by November 1, 1886. The plaintiff herein had no knowledge that said notice was received by John Garbutt, and the annual dues were not paid. After the first day of January, 1887, the defendant assessed the plaintiff and John Garbutt for a death loss, and sent the notice of assessment from Cherokee, Iowa, the place of business of the defendant, to the residence of the insured at Sycamore, Ill., and addressed to John Garbutt. The amount of money necessary to pay the assessment was sent by mail to the company at Cherokee, and was received on the ninth day of February, 1887, and was receipted upon a postal card addressed to "John Garbutt, Sycamore, Illinois." The receipt upon the card is in these words:

"OFFICE OF CITIZENS' LIFE & ENDOWMENT ASS'N,
"CHEROKEE, IOWA, February 9, 1887.

"Received of the person whose name appears on the address side of this card the sum of one dollar and eighty cents, in payment of assessment number 3, upon certificate number 854, in class A of said association. Your annual dues of four dollars and fifty cents is not yet paid.

"[Signed]                    ED. MILLER,
                                "Secretary."

Upon the receipt of this postal card, the insured sent the said sum of four dollars and fifty cents to the company, and the same was receipted for by the company upon a postal card addressed to John Garbutt, Sycamore, Illinois. The receipt is as follows:

"OFFICE OF CITIZENS' LIFE & ENDOWMENT ASS'N,
"CHEROKEE, IOWA, February, 15, 1887.

"Received of the person whose name is on the address side of this card the sum of four dollars and fifty cents, in payment of annual dues upon certificate number 854, in class A of said association.

"[Signed]                    ED. MILLER,
                                "Secretary.    Per S."

At about the date of mailing this receipt to John Garbutt the defendant wrote and mailed a letter to him stating that the association had reinstated him on the books of the company, provided he and the plaintiff were both in usual good health at the time he wrote the letter sending the annual dues, February 14, 1887. This letter was not answered. John Garbutt died of consumption on the eighth day of March, 1887, after an illness of seven months, during three months of which time he was in the care of a physician. The company had no knowledge whatever of said sickness until it received notice of his death.

I. The question to be determined upon these facts is, was the certificate or policy forfeited by reason of the failure to pay the annual dues within 1. Mutual benefit insurance: the sixty days provided for by the policy? forfeiture of certificate: The principal discussion by counsel is waiver. upon the question of waiver. It is claimed on the part of the appellant that because of the assessment of the death loss and the payment and the receipt of the money therefor, and the acceptance of the payment of the annual dues after the expiration of the sixty days, the defendant waived the delinquency, and elected to retain the plaintiff and John Garbutt as members of the company. But if the assessment for the death loss was made for a death which occurred before the annual dues were payable, and while the beneficiaries were not in default, the receipt of the assessment was not a waiver, because they were liable for the assessment, notwithstanding their delinquency in the payment of the annual dues. *Mandego v. Centennial Mut. Life Ass'n*, 64 Iowa, 134. It is not stated in the pleadings when the death loss for which the assessment was made accrued. If the assessment, therefore, was claimed as a waiver it should have been stated in the petition when the death loss occurred. If the plaintiff relied upon a waiver, she should have pleaded facts constituting waiver; and, in our opinion,

the receipt of the annual dues does not constitute a waiver. If the payment had been received by the defendant unconditionally, the question would be different. But the beneficiaries were notified, in effect, that the reinstatement was upon condition that the plaintiff and her husband were in good health.

Something is claimed on behalf of appellant from the fact that the defendant received and retained the four dollars and fifty cents. But the answer shows that the company has been ready to return the money at all times since it had knowledge that John Garbutt was seriously out of health when it received the money. Many authorities are cited by counsel on the question of waiver of forfeitures of insurance policies, but they are of no assistance in determining that question in this case. They are all based upon materially different facts from the case at bar.

II. There is one other question presented by counsel which remains to be determined. It will be observed that the plaintiff and John Garbutt were both members of the association in good standing until the alleged forfeiture by reason of their failure to pay the annual dues at the proper time. It further appears that the defendant was bound to send a written or printed notice or demand for the annual dues, "directed to the address of each member as they appear on the books of the association;" and that, if the dues are not received by the association within sixty days from the date of the notice, the policy shall be void and of no effect. The name of the plaintiff was not entered on the books of the company, and the defendant seeks to avoid liability upon the policy because her name was not entered upon the books. This was a palpable failure of the defendant to perform its duty towards its policy holders.

The only answer to this default which appears in argument of counsel for the defendant is in this language: "The membership was entitled to notice of

the dues and assessments. Such notices were to be sent to the membership address as the same appeared on the books of the association. No other address was required to appear. That was the construction given the contract by the parties. The plaintiff was not entitled to notice other than that sent to the address of John Garbutt, registered with the association." This argument does not appear to us to be sound. There was no construction given by the parties as to whom notice should be sent. It was just as much the duty of the defendant to enter the name of the plaintiff as it was to enter that of John Garbutt. They were both members, and they had no knowledge of the manner in which the defendant kept its books. They had a right to assume that both of their names were entered upon the books as members. The defendant is insisting upon a forfeiture of the policy. In our opinion there was no forfeiture, because the pleadings show that the plaintiff not only was not notified when payment of the annual dues would be required, but she had no knowledge of it from any source. At the time when she should have been notified, John Garbutt was afflicted with a fatal disease, and she had every incentive to pay all proper assessments, and there was no course of business by which any construction was put upon the contract by the parties. So far as appears from the pleadings, the notice for the payment of the annual dues was the first notice sent by the company to the insured. We have thus reached the conclusion that there was no forfeiture of the policy upon the plainest of all legal principles, which is that one cannot be allowed to take advantage of his own failure to comply with a contract, and urge such failure as a reason for forfeiting the rights of the other party to the contract.

The ruling of the district court upon the demurrer to the answer will be REVERSED.