DANIEL MOLLOY v. THE SUPREME COUNCIL OF THE CATHOLIC MUTUAL BENEFIT ASSOCIATION, Appellant.

**Mutual Life Insurance: NOTICE.**    Where the contract requires notice to be *mailed* to the "last address as shown by the branch books," there is no right to avoid the policy for nonpayment of assessment because a notice, duly stamped, was left on a desk from which the mail carrier habitually took letters so lying there, to deposit in the mail, said notice being addressed not to the last address shown by the branch book but to the then actual address of the member.

DEEMER, J., takes no part.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FRIDAY, JANUARY 25, 1895.

Action on a certificate of insurance.    Verdict and judgment for plaintiff.    Defendant appeals.—*Affirmed.*

*Mahoney, Minehan & Smythe* for appellant.

*John J. Shea* for appellee.

Kinne, J.—I. The Catholic Mutual Benefit Association is a benevolent society, consisting of a supreme council, grand councils, and branches. The supreme council is the general governing body. The grand council consists of a governing body within a limited territorial jurisdiction, as a state, and has control of all branches within its jurisdiction. A branch consists of a local organization, with its members, officers, and local government. There not being, in Iowa, a sufficient number of branches for the formation of a grand council, none has been formed, and the branch established at Council Bluffs, Iowa, is under the direct control of the supreme council. The Council Bluffs branch is known as St. Bernard's Branch, No. 1. September 7, 1889, Terrence J. A. Molloy became a member of the Council Bluffs branch, and received a certificate of membership, issued by defendant, entitling him to participate in the beneficiary fund of the association to the amount of two thousand dollars, which was made payable to the plaintiff. The certificate contained this provision: "This certificate is issued upon the express condition that said Terrence J. A. Molloy shall in every particular, while a member of said association, comply with all the laws, rules, and requirements thereof." When he became a member, Terrence J. A. Molloy resided in Council Bluffs, and a minute was made at that time upon the books of the branch, showing his address as follows: "620 Fifth Ave." It appears that some years afterward he removed to Molloy, Iowa, and died there January 16, 1892. This action is brought to recover the amount stated in the certificate by the beneficiary therein. Defendant pleaded that the assured had been suspended by reason of his failure to pay assessments numbered fourteen and fifteen for the year 1891 when the same became due. The court directed a

verdict for plaintiff, and entered a judgment thereon, from which this appeal is taken.

II.    It is claimed by plaintiff that no legal notice of the assessments was given upon which a forfeiture could be based.    The sufficiency of the notice is made the ground of several objections, but one of which we need notice.    It is contended that the notice of the assessments for which it is now claimed the assured was delinquent was never sent as required by the constitution and rules of the association.    Touching this matter the constitution of the association provides: "Sec. 9.    Members shall be notified by the financial secretary of their branch, of an assessment or assessments, by mailing them a notice to their last address as shown by the branch books, which is hereby declared to be sufficient notice.    Such notice shall contain the names of the deceased, the number and location of the branch, date of death, amount of certificate, whether or not entitled to the benefits of the association, and cause of death.    Form of such notice to be prescribed by the supreme council."    By section ten it is provided that this notice shall be dated and mailed not later than five days from the date of the notice from the secretary of the council from whom it is received, and that within twenty days of the date of said notice given by the branch secretary the member must pay into the beneficiary fund of his branch the amount of the assessment stated in the notice, and, if it be not paid in at or before the time of the next regular meeting of his branch after the expiration of said twenty days, he is thereby suspended from all rights and benefits of the association. For the purposes of this appeal it will be conceded that

assessments fourteen and fifteen of 1891 were properly made. It appears that they were never paid by the assured. The address of the assured, "620 Fifth Ave.," is conceded to refer to Council Bluffs, Iowa, and that was his only address "as shown by the branch books." The notice of the assessments in question was not mailed to the assured at six hundred and twenty Fifth Ave., Council Bluffs, Iowa, but, if given at all, it was directed to the assured at Molloy, Iowa. There is no evidence that the assured in fact ever received any notice whatever of said assessments. He died in January, 1892, at Molloy, Iowa. The defendant claims to have mailed a notice of said assessments to the assured at Molloy, Iowa, in due time. It appears that the proper officer of the branch at Council Bluffs, within the proper time, filled out what we shall assume for the purposes of this appeal was a legal notice of the assessments in question, and placed it in an envelope addressed to the assured at Molloy, Iowa, and placed the same upon a desk in the office in which he was working; and that it was the habit of the mail carrier, every time he delivered letters at that place, to take the letters so left upon this desk, and presumably to deposit them in the post office. If it should be conceded that the mailing of a proper notice of these assessments to the assured at Molloy, Iowa, would be a compliance with the terms of the contract between him and the association, still it is manifest that there was no evidence to justify a holding that the notice was ever mailed to him. The placing of it upon the desk, without knowing that it was ever in fact deposited in the post office, cannot be held to be a mailing of the letter within the contemplation of the contract. The rule is well settled that when notice by mail is relied upon it must be shown that the communication was placed in the post office, properly directed

and stamped. Niblack Mut. Ben. Soc., section 260, and cases cited; *Coyle v. Society* (Ky.), 2 S. W. Rep. 676; *Siebert v. Supreme Council,* 23 Mo. App. 272; *Garbutt v. Association,* 84 Iowa, 293, 51 N. W. Rep. 148. The evidence in this case fails to show that a notice was *mailed,* within the meaning of the constitution of the association, to the assured, even at Molloy, Iowa.

III.   It is a general rule that when a failure to pay assessments is relied upon to forfeit rights under the certificate of insurance, it must be made to appear that the association issuing it has complied strictly with the provisions of its laws touching notice of such assessments.   If notice has not been given in compliance with such rules, no forfeiture will be declared. *Maginnis v. Association,* 43 La. Ann. 1136, 10 So. Rep. 180; 2 May, Ins., section 562; *Courtney v. Association,* Iowa, 53 N. W. Rep. 238.   See, also, citations under division two of this opinion.   The constitution of this association requires notice to be given by "mailing them a notice to their last address as shown by the branch books."   It is conceded that no such notice was given.   Under such circumstances, there can be no forfeiture.   The parties were bound by the contract.   That fixed the notice to be given and measured the duty of defendant's branch officers as to the place notice should be mailed to.   The defendant could not, as was done in this case, ignore this requirement, and, at its election, mail a notice to the assured at some other place, and then insist that it had so discharged its duty as to make a failure of the assured to pay the assessments a ground for forfeiting his rights under the certificate.   In any view of the case, the action of the District Court in directing a verdict for plaintiff was right.—*Affirmed.*