## Anton Busta et al., Defendants in Error, v. Court of Honor, Plaintiff in Error.

### Gen. No. 16,605.

1. FRATERNAL BENEFIT SOCIETIES—*who the agent of.* The recorder of a "District Court" of the parent benefit society is the agent of the parent society.

2. FRATERNAL BENEFIT SOCIETIES—*when acceptance of dues for prior month does not waive suspension.* Where the constitution and laws of a fraternal benefit society provide that on nonpayment of dues for any month on the last day the member is suspended, the mere acceptance by the recorder of the dues for the prior month does not waive the suspension, since if the acceptance does reinstate the member he becomes liable for the assessment for the current month.

3. FRATERNAL BENEFIT SOCIETIES—*when sending statement of arrearages does not waive constitution and laws.* Though the sending of notices by the recorder of a benefit society to a member stating the assessments for the current month and the prior month is some evidence of a waiver of the constitution and laws, it is not sufficient to constitute waiver either in law or fact where the constitution and laws provide that on nonpayment on the last day of any month the member is *ipso facto* suspended.

4. FRATERNAL BENEFIT SOCIETIES—*when constitution and by-laws not waived.* The right of a benefit society to forfeit a certificate is not waived though the recorder sends the owner thereof, who is noted on the books as suspended for nonpayment of dues, a notice

of the amount of the assessments for the current month and the prior month, where the constitution and laws provide that the member is suspended on the last day of a month if dues are not paid but that he may be automatically reinstated on payment within sixty days if in good health.

5.  FRATERNAL BENEFIT SOCIETIES—*when no recovery can be had under laws of society.* No recovery can be had on a benefit certificate where the member was suspended for nonpayment of dues and when dues are subsequently paid within sixty days was in the last stages of a mortal illness unknown to the society, if the constitution and laws provide for suspension on nonpayment and reinstatement within sixty days on payment, if in good health, but further provide that acceptance of dues does not reinstate if the member is not in good health, and that dues shall not knowingly be received unless the member is in good health and that the receipt shall not reinstate in such cases.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1910.  Reversed with finding of facts.  Opinion filed August 12, 1912.

FRANCIS J. SULLIVAN, for plaintiff in error; WILLIAM B. RISSE, of counsel.

DE WITT C. JONES, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The defendants in error, the minor children of Anna Busta, by their guardian, brought suit in the Municipal Court against plaintiff in error, a mutual benefit society, to recover the amount of a benefit certificate for $1,000 issued to said Anna Busta and payable at her death to the defendants in error. A trial by jury resulted in a verdict and judgment against plaintiff in error for the amount of the certificate.

The certificate bears date, October 26, 1906, and on November 12, 1906, the insured became affiliated with Columbia District Court No. 786 of the parent society. The insured died February 28, 1909.

The provisions of the constitution and laws of the

society, relating to the payment of assessments and dues, and to the re-instatement of members, are as follows:

"Sec. 132.   There shall, without notice, be due and payable from each benefit member of the society on the first day of each calendar month General Fund dues of ten cents, and one benefit assessment, and a member who fails to pay to the Recorder of the District Court such General Fund dues and Benefit Fund assessment on or before the last day of such calendar month, shall *ipso facto,* without notice, stand suspended from all benefits in the society, or the funds thereof, and all interests of the beneficiary or beneficiaries shall thereupon cease unless such member is subsequently reinstated, as provided by the constitution of the society."

"Sec. 134.   A member who has been suspended for non-payment of assessments, General Fund dues or fines may be reinstated within sixty days from the date of suspension, if in good health, and if not engaged in any of the prohibited occupations, by payment of all arrearages, including current assessments, General Fund dues, District Court dues and fines; provided that the receipt and retention of such assessment and dues shall not have the effect of reinstating such suspended member, nor entitle him or his beneficiaries to any rights under his certificate if he was not in good health at the time of such reinstatement."

Section 99 provides that the recorder shall keep the records and accounts of the District Court and receive all moneys from members; that he shall not knowingly receive dues or assessments from a benefit member who has been suspended for non-payment thereof, unless at the time tender thereof is made such member is in good health, and that the receipt of assessments and dues under such conditions shall not have the effect of reinstating such member, nor of securing to the suspended member any rights.

It appears from the evidence that prior to June or July, 1908, when members made default in the payment of their dues and assessments, the officers of the Dis-

trict Court made such payments for the defaulting members out of the funds in the treasury; that, thereafter until September, 1908, the recorder of the district court made payments, aggregating $54, for such defaulting members, which amount the District Court refused to reimburse to the recorder, and thereafter, if the members failed to pay their dues and assessments within the time limited, the recorder reported such members as being suspended. The insured became sick with tuberculosis of the lungs in August, 1908, and so continued until her death. Prior to November, 1908, the insured paid her dues and assessments regularly each month within the time limited. She failed to pay the assessment for November, 1908, during that month, but in December following she received from the recorder of the District Court a notice of the amount of the assessment for that month, and also of the amount of the assessment for the previous month, and the assessments for both of said months were paid by her and received and accepted by the recorder in the month of December. The insured failed to pay the assessment for January, 1909, during that month, but on or about February 6, following, she received from the recorder a notice of the amount of assessments for the months of January and February, and she paid to the recorder, who received and accepted the same, the assessments for both of said months on February 19, 1909. On February 1, 1909, the insured was noted by the recorder upon the books of the society as suspended for failure to pay the assessment for January, 1909, and on February 12, 1909, the recorder reported the suspension of the insured to the parent society. When the report of the recorder for the month of February, 1906, reached the parent society about March 15, 1909, after the death and burial of the insured, the recorder was informed that the assessments paid by the insured for January and February, 1909, would not be accepted.

The defense interposed by plaintiff in error to a re-

covery upon the certificate is that the insured was on February 1, 1909, *ipso facto,* suspended for failure to pay the assessment for the month of January, and that the payment of such assessment by the insured on February 19, 1909, after her suspension from the society, did not operate to reinstate her to membership therein, because she was not then in good health. In avoidance of this defense it is claimed by the defendants in error that plaintiff in error waived a forfeiture of the certificate after the failure of the insured to pay the assessments for the months of November, 1908, and January, 1909, by thereafter notifying the insured of the amount of the assessments for the months of December, 1908, and February, 1909, thereby then still recognized the insured as a member of the society; that the payment by the insured in December, 1908, of the assessment for November, 1908, and the payment by the insured of the assessment for January, 1909, in February, 1909, were not made by the insured and accepted by plaintiff in error under the provision of the constitution and laws relating to the reinstatement of suspended members, but were made by the insured as a member in good standing.

The recorder of the District Court was the agent of the parent society (Court of Honor v. Dinger, 221 Ill. 176), but the mere receipt and acceptance by the recorder in February, 1909, of the assessment for that month did not operate to waive the suspension of the insured, if such suspension accrued by reason of her failure to pay the assessment for January, because if the insured was eligible to reinstatement, the payment of the January assessment operated to reinstate her, and she then became liable to pay the assessment for February, and the same may be said as to the assessments for November and December, 1908. The only acts of the recorder, therefore, which were inconsistent with an intention to regard the insured as having been suspended from the society consisted in sending notices to the insured of the amount of the assessments

for December, 1908, and February, 1909. The fact that such notices were sent is some evidence of a waiver of a forfeiture, but standing alone it is insufficient to constitute a waiver either in law or fact. Under the provisions of the constitution and laws of the society the insured, notwithstanding her suspension for failure to pay the January assessment, had the right at any time within sixty days after January 31 to pay the same if she was in good health at the time of such payment, and thereupon become automatically reinstated. The insured had, in fact, on February 1, been noted by the recorder upon the books of the society as suspended, and thereafter for sixty days, she, if in good health, was eligible to reinstatement. Under such circumstances the mere act of sending her a notice of the amount of the assessments for January and February did not constitute a waiver by plaintiff in error of the right to assert the forfeiture of the certificate. If the suspension of the insured became effective on January 31, it is uncontroverted that she was then, and thereafter until her death, in the last stages of a mortal illness, and she was, therefore, ineligible to reinstatement, and there is no evidence tending to show that the recorder of the District Court or other officers of plaintiff in error had any knowledge that the insured was not in good health when payment of the assessments was made on February 19, 1909.

Other questions are raised upon the record, but it is unnecessary to consider and determine the same.

The judgment of the Municipal Court is reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*