George L. Trafton, Guardian, Defendant in Error, v. National Council, Knights and Ladies of Security, Plaintiff in Error.

### Gen. No. 21,681.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed March 27, 1916.

## Statement of the Case.

Action by George L. Trafton, as guardian of Alfonso, Louise and Jennie Cadamartrie, plaintiff, against Na-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

348     APPELLATE COURTS OF ILLINOIS.

Trafton v. National Council, K. & L. of Security, 198 Ill. App. 347.

tional Council, Knights and Ladies of Security, defendant, on a benefit certificate issued to Flora Cadamartrie. From a judgment in favor of plaintiff for $967.50, defendant brings error.

This case in its general features and as to the question involved is similar to the case of *Kraus v. National Council, Knights and Ladies of Security, ante,* p. 345, and *Neenan v. Same,* 188 Ill. App. 490. Reference is made to the opinions in these cases for description of the character of the benefit certificate and the by-laws.

The defense in this case was that the insured did not pay the assessment under the certificate for the month of July, 1913, before the last day of the month, and for that reason, under the by-laws, she became suspended, and that on August 26, 1913, when she paid the July and August assessments, she was not in good health, a condition necessary to reinstatement.

It was proved that on August 28, 1913, the insured was suffering from a tumor of the uterus, with pressure symptoms which in the opinion of her physician, required the removal of the tumor. Upon his advice she was taken to a hospital and on August 30th an operation was performed removing the tumor and also the uterus, fallopian tubes and ovaries. The tumor was about the size of a fist. The doctor describes it as "quite a large tumor." It is also not controverted that this tumor had been growing for a period of at least several months prior to this time. Immediately after the operation her heart began to fail, the doctor testifying, "there was a weak heart-muscle, the heart wasn't strong enough to carry her along during the convalescence." She died on September 2nd. There was testimony to the effect that she appeared to be in good health on August 26th.

It was contended that the by-laws were not properly introduced in evidence. They were certified under

the hand of the national secretary, with the seal of the society affixed.

It was also contended that the defendant waived the provision of the by-laws with reference to good health when the financier of the society accepted the assessment on August 26th.

A. W. FULTON, for plaintiff in error.

J. MARION MILLER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 906*—*when evidence sufficient to establish that member of fraternal order not in good health at time of attempted reinstatement.* In an action on a benefit insurance policy, evidence *held* to show that insured, who had failed to pay an assessment for one month and was thus automatically suspended under the rules of the order, was not in good health during the following month at the time of an attempted reinstatement by the payment of the delinquent assessment, and that she was accordingly not a member of such society in good standing at the time of her death.

2. INSURANCE, § 906*—*when evidence sufficient to sustain finding that member of beneficial order not in good health.* Evidence that decedent was suffering from a tumor of the uterus, *held* to prove that she was not in good health.

3. INSURANCE, § 807*—*what constitutes good health within rules of fraternal society as to reinstatement.* The words "good health" in the rules of a fraternal insurance society with reference to reinstatement of a member mean that a person is in a reasonably good state of health and free from any disease or illness that tends seriously or permanently to weaken or impair the constitution, and such words do not refer to the appearance of good health.

4. EVIDENCE, § 250*—*when by-laws of fraternal society admissible in evidence.* By-laws of a fraternal insurance society, certified under the hand of the national secretary and with the society's seal affixed, were properly introduced in evidence, in compliance with Hurd's Rev. St. ch. 51, sec. 15 (J. & A. ¶ 5532).

5. INSURANCE, § 807*—*when acceptance of delinquent assessment does not operate to reinstate member of beneficial society in poor*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.