Lydia Tatro and David Tatro, Sr., Appellees, v. Modern Woodmen of America, Appellant.

Gen. No. 8,967.

Opinion filed January 17, 1936. Rehearing denied April 6, 1936.

GEORGE G. PERRIN and GEORGE H. McDONALD, both of Rock Island, and EVA L. MINOR, of Kankakee, for appellant.

VERNON G. BUTZ and MILLER & SHAPIRO, all of Kankakee, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

David Tatro, deceased, was a member of appellant society, and appellees, his parents, were the beneficiaries named in the benefit certificate of life insurance issued by the society to the said deceased. This was a suit brought by appellees as such beneficiaries, to recover under the policy. The cause was heard by the court without a jury. The court found the issues for the appellees and entered judgment against appellant society for the sum of $2,160, consisting of $2,000 under the contract, with interest thereon in the sum of $160. The society prosecutes this appeal from the judgment as above entered.

The deceased became a member of appellant society in November, 1926. He defaulted in the assessments levied for the months of April and May, 1933. He was suspended therefor from the society on May 1, 1933. On June 28, 1933, he suffered a collapse from heat exhaustion. A doctor was called for him and he was found to be in a critical condition. On the following day, June 29, 1933, the doctor visited him during the morning. A consultation was held by two doctors at about 3:00 o'clock that afternoon. It appears that the deceased at this time was in a very grave condition, suffering from the heat prostration of the day previous. His condition continued to grow worse and he died within a few hours after the consultation had by the doctors on the above afternoon. On the said afternoon of June 29, at about 3:00 o'clock, Lydia Tatro,

mother of deceased and one of the beneficiaries in the policy, called at the office of the secretary of the local camp of appellant society, in which the deceased had held his membership, and made payment of the April, May and June assessments of that year. The secretary inquired of appellee as to what the deceased was doing and was advised by her that he was working on a farm.

Appellant filed the plea of general issue and three special pleas. The first special plea was founded upon the contract of insurance between the deceased and appellant society, and incorporated therein certain sections of the by-laws, which were a part of the contract. Section 12 of the by-laws is as follows: "12. It is agreed that if the member holding said Benefit certificate shall be in suspension less than ninety days for nonpayment of assessments, dues or fines, and shall desire to reinstate by tendering and paying delinquent assessments, dues or fines, said member by such tender warrants that he is in sound health at the time of making such tender, and that if in fact said member is not in sound health at such time, the receiving of such assessments, dues or fines, shall not have the effect of reinstating such member, and said Benefit certificate shall remain null and void; nor shall the receipt or retention of any assessments, dues or fines, from such member after any such suspension, have the effect of reinstating him or constitute a waiver of any of the By-laws of the Society." Section 64 of the by-laws is as follows: "Sec. 64. Reinstatement Within Three Months.—Any member suspended for the nonpayment of an assessment, fines, or dues, if in sound health, and not engaged in any of the prohibited occupations mentioned in Section 16 hereof, may, within three months from the date of suspension, be reinstated by the payment of the current assessment and dues, and all fines, dues, and assessments which would

have to be paid to remain in good standing. Whenever assessments or dues are paid by or for a suspended member, for the purpose of reinstatement, said member shall, by such payment, be held to warrant that the member is in sound health and not engaged in any prohibited occupation, and to contract that such assessments or dues, when so paid after suspension for nonpayment, shall be received and retained without waiving any of the provisions of this section, until such time as the Head Clerk of the Board of Directors shall have knowledge that the member was not in sound health when attempting to reinstate, or was engaged in a prohibited occupation; provided, however, that the receipt and the retention of such payment in case the suspended member is not in sound health, or is engaged in any prohibited occupation, shall not reinstate said member, or entitle such member or any beneficiary or beneficiaries to any rights under any Benefit certificate or rider; and provided further, that such payment made for the purpose of reinstatement, either before or after death, shall not constitute a waiver of any provision of these By-laws.''

Appellant's second and third special pleas were similar to the first in that they set up the by-laws with reference to the failure to pay assessments; also suspensions, and reinstatement as provided in said section 64. It will be observed in both of the foregoing sections of the by-laws, that payment of arrearages only is not sufficient to constitute or operate as a reinstatement of the assessed, but that in addition to such payment of delinquent assessments, the insured must at such time be in sound health. It also appears from the foregoing sections that the tender and payment of such assessments shall be held to warrant that the member is in sound health, and not engaged in any occupation prohibited by the terms of the contract. One of the early cases in this State dealing with this

question is *Gross-Loge v. Laercher,* 41 Ill. App. 462,
wherein it was held that a member of a mutual benefit
association who had been suspended for nonpayment
of dues was not entitled to be restored to member-
ship by the payment of delinquent dues if at such time
he was not in good health. Receipt of a member's
dues, in ignorance of his illness, does not constitute a
waiver of the requirement of good health at the time
of reinstatement. *Garbutt v. Citizens' Life & Endow-
ment Ass'n,* 84 Iowa 293, 51 N. W. 148. A warrant at
the time of reinstatement that the member is in good
health, when in fact he is not, will vitiate the reinstate-
ment. Bacon, Life and Accident Insurance, Vol 2
(4th ed.) p. 1136, and cases cited. A concealment of
the illness of the member by a beneficiary when apply-
ing to have him reinstated amounts to fraud and
vitiates the reinstatement. *Grand Lodge A. O. U. W.
v. Cressey,* 47 Ill. App. 616.

Appellees claim a waiver of forfeiture on the part of
appellant, based upon prior course of dealing with re-
spect to accepting delinquent assessments which had
been levied against the deceased. Contracts of insur-
ance are essentially of good faith, and the fact that a
member might have been reinstated upon the payment
of delinquent assessments upon previous occasions
should not give rise to the right to work fraud upon
the insurer upon a subsequent attempted reinstate-
ment at a time when the insured is not in good health,
but to the contrary, is in a dying condition. With
respect to appellees' contention of waiver of for-
feiture, it has consistently been held that the burden
of proving such a waiver is upon the one seeking to
avail himself thereof. *Old Colony Life Ins. Co. v.
Hickman,* 315 Ill. 304. A waiver is the intentional re-
linquishment of a known right, and in all cases there
must be both the knowledge of the existence of the
right and the intent to relinquish it. *Ferrero v. Na-*

*tional Council Knights & Ladies of Security,* 309 Ill. 476, 481. To the same effect are *Trafton v. National Council Knights & Ladies of Security,* 198 Ill. App. 347; *Busta v. Court of Honor,* 172 Ill. App. 71.

The parties being free to agree upon whatever terms and conditions they choose, and having so agreed by their contract, the courts have no other alternative than to give effect to the contract as written. The reinstatement of the deceased was conditioned upon his being in sound health at the time appellee paid the delinquent assessments. The facts show that the insured at this time was not in sound health. Under such circumstances, the payment by appellee, being by the by-laws made to constitute a warranty that the insured was in sound health, did not operate to reinstate the decedent. We are of the opinion that the facts in the case do not show a waiver of such forfeiture upon the part of appellant. Under such circumstances no liability exists upon the part of the society. We therefore find, as an ultimate fact to be incorporated in the judgment, that the evidence in this case does not establish a reinstatement of the deceased member, David Tatro, in appellant society; that he was suspended from membership therein at the time of his death; and that appellees are not entitled to recover against appellant on the policy contract.

The judgment herein is reversed.

*Judgment reversed.*