No. 3261. BOWERS *v.* WATTS, November Term, 1893. This was a motion which is fully stated in the opinion of the court, which was delivered orally by the Chief Justice on November 29, 1893, as follows:

This is a motion of respondent to dismiss the appeal herein on three grounds, viz: 1. The "Case" proposed for appeal, with exceptions, was not served upon the respondent's attorney within the time required by law. 2. The return herein was not filed in this court within the time required by law. 3. Neither the return nor "Case" for appeal contains the testimony in the action essential to the determination of both the issue of fact and the issue of law raised by the grounds of appeal.

As to the first ground. It appears that the "Case" proposed

for appeal, with exceptions, were not served until after thirty days had elapsed from the service of notice of intention to appeal. Counsel for appellant argued that the time in an appeal from an order or decree filed in vacation should be computed from the time of service of written notice of the filing of the said judgment of the Circuit Court; and that he was not bound to serve his notice of intention to appeal until he had been served with such written notice. Such, no doubt, is the law; but such notice may be waived, and we think it was waived in this case. The appellant gave notice of his intention to appeal without waiting for notice of the filing of the judgment of the Circuit Court, and thereby waived such notice. The case is analogous to the non-service of a summons and the filing of an answer by the defendant. The defendant thereby waives such service, and the court has jurisdiction. The notice of the judgment comes from the respondent, and not from the appellant. The notice of the judgment served by the appellant in this case was mere surplusage. The object of the notice by respondent is to cut off the time for appeal after a certain time, to apprise the appellant that the respondent intends to insist on an appeal if taken within the time fixed by law. See *Lake* v. *Moore*, 12 S. C., 563; *McElwee* v. *McElwee*, 14 *Id.*, 623; *Wallace* v. *Carter*, 30 *Id.*, 610. As no excuse has been given by appellant for his default, we are compelled to dismiss his appeal, however reluctant the court is to do so.

The court has before taken occasion frequently to call the attention of the Bar to the fact, that the court has certain Rules which are intended for the orderly dispatch of the business of the court, and that whenever their protection is invoked, we are compelled, however disagreeable and unpleasant it may be, to enforce their provisions. It is always unpleasant to the court, as in this case, to dismiss an appeal, and thus seemingly cut off appellant's rights; but when he has not complied with the Rules, and their protection is invoked by respondent, we are compelled to accord to him his legal rights. Motion granted.

The court thereupon granted a formal order, dismissing the appeal. *T. S. Moorman*, for the motion. *C. M. Efird*, contra.