DOWNS, et al, Appellants, v. BRUCE INDEPENDENT SCHOOL DISTRICT NO. 49 OF BROOKINGS COUNTY, SOUTH DAKOTA, Respondent.

(216 N. W. 949.)

(File No. 5919. Opinion filed December 20, 1927.)

*Hall & Purdy,* of Brookings, for Appellants.

*Cheever & Cheever, P. H. Collins,* and *J. P. Alexander,* all of Brookings, for Respondent.

MORIARTY, C. This case now comes before the court upon a second appeal. On the previous appeal an order of the trial court was reversed and the case remanded for further proceedings.

The opinion of this court upon said former appeal will be found in 45 S. D. at p. 326, 187 N. W. 620. A sufficient statement of the facts will be found in that opinion, and it will not be necessary for us to repeat the statement here.

Said former opinion held that the circuit court had erred in dismissing the appeal to that court, and in so doing held that our statutes providing for appeals in school matters make no distinction between appeals from acts of district school boards and those of boards of education of independent districts, and that appeals would lie from acts of boards of education.

It is the present opinion of this court that such decision is erroneous, and that this court should have held that the appeal to the circuit court was properly dismissed.

Section 7492 of the Revised Code of 1919 is the only statute providing for appeals from boards in school matters.

Prior to the Code revision of 1919, sections 115 and 116 of chapter 135, Laws of 1907, specifically provided for appeals from acts of any district school board "or board of education." In revising the Code, the Code commission omitted the words "or board of education" from the language of section 7492, R. C., into which the said sections 115 and 116 of chapter 135, Laws of 1907, were condensed. And the commission placed this section 7492 in article 4 of chapter 3, pt. 13, of the Revised Code, an article and chapter dealing exclusively with common school districts.

It is true that in providing for service of the notice of appeal section 7492 retains the words, "district school board or board of education," but that fact cannot give a right of appeal where the statute specifically provides the class of actions from which appeals may be taken.

 The right of appeal is purely statutory. State v. Stunkard, 28 S. D. 311, 133 N. W. 253; Casserly v. Marshall, 35 S. D. 47, 150 N. W. 480.

 The decision on the former appeal has become "the law of the case," and must be so treated in this opinion; otherwise the instant appeal would be decided on the ground that the statutes give no right of appeal from acts of boards of education of independent districts.

In accordance with the direction contained in said former decision, the trial court proceeded to try the question of fact presented. The trial was to the court, without a jury, and the trial court made findings of fact and conclusions of law, and on the 1st day of May, 1924, entered judgment in favor of the defendant. From such judgment no appeal was taken until April 8, 1925.

Section 7492, Revised Code of 1919, contains the following provisions applying to appeals in school matters:

"The trial in the circuit court shall be de novo, according to the rules relating to special proceedings of a civil nature, so far as such rules are applicable and not in conflict with the provisions of

this section, and the court shall enter such final judgment or order as the circumstances and very right of the case may require."

"An appeal from any such final judgment or order may be taken to the Supreme Court within sixty days after written notice thereof shall have been given to the party appealing, such appeal to be taken, perfected, heard and determined as other appeals in civil cases."

There is no motion to dimiss the appeal before this court, and no question as to the time of taking the appeal is presented by the briefs. But, in the instant case, where the time for appeal is limited to sixty days, and the appeal was not taken until over eleven months after entry of the judgment, it is proper for this court to inquire whether it has jurisdiction of the appeal. Winner Milling Co. v. C. & N. W. Ry. Co., 43 S. D. 574, 181 N. W. 195; National Casing Co. v. Schmechel, 44 S. D. 101, 182 N. W. 526.

The record shows that on May 1, 1924, the same day that the judgment was entered, an order was entered extending for a period of sixty days appellant's time for serving notice of motion for a new trial, moving for a new trial, etc.

The abstract contained in appellant's brief does not show what was done from the entry of this order until the presentation of a notice of intention to move for a new trial. This notice is dated January 31, 1925, and appellant's brief says:

"That the plaintiffs, within the time as duly extended by orders of the court and stipulation of parties, served notice of intention to move for a new trial upon the attorneys for defendant."

The securing of an order extending time for taking steps for perfecting an appeal constitutes a waiver of the service of notice of entry of judgment. Fuller v. Anderson (S. D.) 210 N. W. 992.

Therefore the record in the instant case shows that the time within which to proceed toward perfecting an appeal was set running by waiver more than sixty days before the service of notice of intention to move for a new trial.

The provisions of the statutes make the due and legal service of such notice a condition precedent to the jurisdiction of the trial court to entertain a motion for a new trial or to the making of such motion. Section 2557, R. C. of 1919; Fuller v. Anderson, supra. After the time for appeal has expired it is too late to initiate proceedings in applying for a new trial. Board of Trus-

tees v. Linker, 45 S. D. 370, 187 N. W. 635; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725. Neither by stipulation nor by order of the trial court can the time for taking an appeal be extended beyond the limit fixed by the statute. King et al v. Heib, 29 S. D. 218, 136 N. W. 106; Braun v. Thuet Bros., 42 S. D. 491, 174 N. W. 807; Aldrich v. Publishing Co., 27 S. D. 589, 132 N. W. 278.

As the trial court had lost jurisdiction before the notice of intention was served, it had no power to make an appealable order denying a new trial; and, as the time for appealing from the judgment had expired long before this appeal was taken, the appeal is dismissed, and the judgment appealed from thereby affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.