WEBB v. WEBB.

1. APPEAL AND ERROR—WAIVER OF NOTICE OF ENTRY OF DECREE—EXTENSION OF TIME FOR PERFECTING APPEAL.

Where defendant filed notice of appeal from a divorce decree entered in vacation on the day of its entry, without waiting for notice thereof under 3 Comp. Laws 1915, § 13754, he thereby waived such notice, and the time for perfecting his appeal is computed from the time of filing his notice of appeal rather than from date of service of notice of entry of decree as provided for in the statute.

2. SAME—JURISDICTION OF COURT TO SETTLE CASE ON APPEAL.

Where defendant filed notice of appeal from decree entered in vacation on the day of its entry, and no extension of time to settle the case on appeal was granted within the statutory 20-day period thereafter, the circuit judge had no jurisdiction to thereafter settle and sign the case on appeal, and therefore the Supreme Court has no appellate jurisdiction in the matter.

Appeal from Ottawa; Cross (Orien S.), J. Submitted April 4, 1929. (Docket No. 54, Calendar No. 33,645.) Decided June 3, 1929.

Bill by Zilpha Webb against Newel Webb for divorce. From decree for plaintiff, defendant appeals. Appeal dismissed.

*Charles E. Misner,* for plaintiff.

*Kent & Hayes,* for defendant.

FEAD, J. Decree of divorce was rendered in favor of plaintiff, approved in writing as to form and substance by defendant's counsel, dated as of December 6, 1927, and filed December 23d. The calendar entries show stenographer's certificate and notice of appeal filed and appeal fee paid December 23d. No extension of time to settle the case was ordered. Defendant's counsel gave notice of settlement for January 16, 1928, and the record was signed by the circuit judge January 19th.

Plaintiff moved in this court to dismiss the appeal on the ground that the circuit judge had lost jurisdiction to settle and sign the case, more than 20 days having elapsed after entry of decree and no extension of time having been ordered within the 20-day period. *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

By affidavit, defendant's counsel makes claims that the decree was entered in vacation, he received no notice of its filing, and that he sent claim of appeal to the clerk and gave notice to opposing counsel on December 21st, before the decree was filed. He contends the case was settled in time because of the provision of 3 Comp. Laws 1915, § 13754:

"That when any order or decree is entered in vacation, the time for taking an appeal shall be computed from the time of the service of notice of such decree as provided by law."

When a decree is entered in vacation, the losing party need not wait for service of written notice of entry, but may begin his appeal forthwith. When he does, he waives notice of entry of decree and must abide by his own proceedings. *Stockwell* v. *Eaton Circuit Judge,* 172 Mich. 166. The notice of appeal became effective when it was filed with the clerk. The official record showed it was filed on the same day and after entry of decree. This fixed the time from which all subsequent proceedings on appeal must date.

The circuit judge had no jurisdiction to sign the case, this court has no appellate jurisdiction in the matter, and the appeal is dismissed, with costs to plaintiff.

N ORTH, C. J., and F ELLOWS, W IEST, C LARK, M C- D ONALD, P OTTER, and S HARPE, JJ., concurred.