# IN RE ESTATE OF ANDREW D. NELSON.
## EMIL J. ANDERSON AND ANOTHER, APPELLANTS.[1]

June 13, 1930.

No. 28,002.

*E. J. Larsen* and *Jenswold, Jenswold & Dahle,* for appellants.
*Courtney & Courtney,* for National Surety Company, respondent.

[1]Reported in 231 N. W. 218.

STONE, J.

Appeal from an order of the district court dismissing an appeal from the probate court for want of jurisdiction.

August 21, 1929, the probate court of St. Louis county made an order allowing a claim against the estate of Andrew D. Nelson in the sum of $2,944.70. August 22 the claimant's attorneys deposited in the mail at Duluth, with postage prepaid, a written notice of the order directed to the opposing counsel, E. J. Larson, at Virginia, Minnesota. If the notice was delivered in due course it reached the latter not later than August 23. There is no direct evidence that the notice reached Mr. Larsen, but he does not deny its receipt. Appellants' notice of appeal with proof of service was not filed in the probate court until November 23, 1929, three months later. The appeal was dismissed for noncompliance with the statute (G. S. 1923 [2 Mason, 1927] § 8985) which makes ineffectual "for any purpose" an attempted appeal from the probate court, unless "within thirty days after notice of the order, judgment, or decree appealed from" a written notice of appeal is both duly served *and filed,* with proof of service, in the probate court.

█ The "service by mail" authorized by G. S. 1923 (2 Mason, 1927) § 9242, is not recognized by the probate code. The statute authorizing it is a part of chapter 77 on "Civil Actions" and applies only to actions and proceedings in the district court. A proceeding in the probate court is beyond its scope until by a properly perfected appeal the district court obtains jurisdiction.

█ But the probate code (G. S. 1923 [2 Mason, 1927] § 8985) does contemplate a "notice of the order, judgment, or decree" in order to limit to 30 days thereafter the time for appeal. In the absence of notice, an appeal may be taken within six months "from the entry" of order, judgment or decree. The notice from the probate judge required by G. S. 1923 (2 Mason, 1927) § 8716, of the filing of any appealable order does not limit or otherwise affect the time for appeal. It is only written notice from the adverse party that can limit to 30 days thereafter the time for appeal. Timm v. Brauch, 133 Minn. 20, 157 N. W. 709. The probate code

does not prescribe how that notice shall be served. In the absence of a statute authorizing service by mail, only actual receipt of the notice can limit the time for appeal. But the statute does not require personal service. "Notice of the order" is enough. Therefore, if appellants actually received the notice, however it came to them, the statute became operative. Even in the ordinary civil action in the district court where the statutory service by mail is attempted but fails for any reason and the paper has actually come to the hands of the person to be served within the time for personal service, we hold it equivalent to personal service. Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381; In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847. Although service, where required, is not authorized to be made by mail on a clerk of court, yet where the paper is sent to him by mail and actually received within the required time, there is good service. Thorson v. St. Paul F. & M. Ins. Co. 32 Minn. 434, 21 N. W. 471. Certainly the same rule should apply to similar situations in probate court, and we so hold. Appellants had actual written notice, and that was enough under the statute to limit their time for appeal to 30 days thereafter.

■ Of course the burden of proving the notice is upon the party moving to dismiss the appeal. Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852. Here, the record discloses, resort was had to the common law presumption that mail matter properly directed and mailed with postage prepaid is received by the addressee in due course of mail. 2 Dunnell, Minn. Dig. (2 ed.) § 3445. The argument that the presumption is without application to the mailing of legal papers is without merit. Its "true basis * * * is found in the regularity and certainty with which, according to common experience, the mail is carried." 22 C. J. 97. The contents of the envelope have nothing to do with the rule or the reason for it. Hence it applies just as much where a legal paper is mailed as where the inclosure is an ordinary business communication. There is nothing to the contrary in Outcault Adv. Co. v. Farmers & M. State Bank, 151 Minn. 500, 187 N. W. 514. The reference there made to serving notices by mail in "legal proceed-

ings" was only to the technical and statutory service by mail. To that the presumption of the receipt of mail which arises from its mere posting has no application because the service is complete with the mailing, and no inquiry concerning delivery to addressee need be made. Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381. The argument at this point for appellants confuses that technical and statutory rule, limited to service by mail as such, with that other and entirely distinct proposition, a mere rule of evidence generally applicable, that a properly stamped and posted letter is presumed, until the contrary appears, to have reached the addressee in due course of mail.

There is no merit in the assignment of error which challenges the sufficiency of the notice of the filing of the order appealed from. It advised appellants definitely of the nature and effect of the order and that it had been filed. That was enough.

Order affirmed.