INDEPENDENT DISTRICT NO. 68 OF GREGORY, SOUTH DAKOTA, Appellant, v. DIEBERT, Respondent.

(244 N. W. 656.)

(File No. 7364. Opinion filed October 10, 1932.)

*W. J. Hooper,* of Gregory, for Appellant.

*Windsor Doherty,* of Winner, for Respondent.

CAMPBELL, P. J. Plaintiff, school district, by its board of education employed defendant as teacher and superintendent of schools in the town of Gregory in said school district for the school year 1929-30 by written contract. No new contract was executed for the school year 1930-31, but by mutual consent of the parties the relationship appears to have been continued and defendant started upon the same employment for that year. Some difficulty appears to have arisen between defendant and the school board of plaintiff district, or some of the members thereof, and as the result of a hearing, of which defendant was given due notice and at which he appeared, the board of education of plaintiff district on April 25, 1931, adopted a resolution dismissing defendant from said employment and directing him to surrender all property of the district in his possession, which resolution was immediately served upon the defendant. Defendant refusing to vacate and surrender possession and continuing to exercise the functions of superintendent of schools, plaintiff district instituted the present action against him. The complaint recites the employment, the

dismissal of defendant by the action of the school board, and his refusal to recognize the same, and the prayer of the complaint is:

"1. That the said defendant, his agents, servants and employees, do permanently desist and refrain from in any manner exercising or attempting to exercise the duties of said superintendent and that he be required to turn over to the said plaintiff, its officers and agents and employees, all property in his hands belonging to said district, including all records and keys, and that he be enjoined and restrained from going upon the school property of said district for the purpose of exercising or attempting to exercise the duties of such superintendent and that he be so enjoined during the pendency of this action.

"2. That the plaintiff have and recover of the defendant his costs and disbursements in this action and that he have such other and further judgment, order and relief in the premises as the Court may deem just and equitable."

Defendant answered in substance alleging that there was no legal ground or just cause for his dismissal, and that the board acted without any authority in purporting to dismiss and discharge him, and the prayer of the answer was as follows:

"Wherefore defendant prays that the complaint in this action be dismissed and that this defendant be allowed and permitted to continue to perform and complete his said contract for said school year and that the said plaintiff and the members of the Board of Education of said school district be enjoined and restrained from in any manner interfering with or molesting this defendant in the proper compliance of said contract and the performance of his duties thereunder and that this defendant have such other and further order, judgment or relief as may be just and equitable besides his costs and disbursements herein."

The matter was tried to the court on issues so joined. Findings, conclusions, and judgment were in favor of defendant, from which judgment and from a denial of its motion for new trial plaintiff, school district, has appealed.

■ Respondent urges that the board of education of appellant district could not discharge him for cause or otherwise because of absence of statutory authority. It is true that there was not at the time here involved any affirmative provision of the statutes

specifically authorizing boards of education of independent school districts to discharge teachers or superintendents lawfully employed under contract. It is conceded that the statute did authorize such boards of education to hire and contract with teachers, principals, superintendents, etc. In the absence of any statutory provision whatever regarding the matter of discharge, we have no difficulty in finding that the authority to employ raises by implication an authority to dismiss for adequate cause. See Durst v. Sch. Dist., 39 Wyo. 442, 273 P. 675; State ex rel Sittler v. Bd. of Education, 18 N. M. 183, 135 P. 96, 49 L. R. A. (N. S.) 62.

■ Respondent seeks, in substance, by his answer in this proceeding, a judicial review of the rightfulness of the act of the board of education in terminating his employment, or attempting so to do. This, we think, presents a question respondent cannot litigate in this case. . There must be an effective operating head of a school system somewhere. This controversy arising prior to the effective date of the Public School Law of 1931 (chapter 138, Laws 1931), there was no appeal to the courts under the then existent law from the action of the board in dismissing respondent. See Downs v. Bruce Ind. Sch. Dist., 52 S. D. 168, 216 N. W. 949; Hart v. Gettysburg Consolidated Ind. Dist., 53 S. D. 381, 220 N. W. 869.

The contract between appellant and respondent being for the rendition of personal services is not subject to specific performance. Section 2015, Rev. Code 1919. No injunction would issue to prevent the breach thereof. Section 2035, Rev. Code 1919. Respondent cannot indirectly accomplish specific performance by refusing to recognize his dismissal and setting up the defenses attempted in this case when an action is brought to oust him pursuant to the dismissal. The board of education had the power to breach the contract with respondent and to dismiss him at any time, being responsible for the abuse of that power. Any other holding would create an intolerable situation in the public schools.

■ We think there is no question as to the power of the board in the premises. If they discharged respondent without justifiable cause, then undoubtedly there was a breach of contract for which respondent may seek his remedy in damages, but he is not entitled to proceed as he has attempted to do here. See Gardner

v. Goss, 147 Ark. 178, 227 S. W. 25. (Note the subsequent action of Gardner v. North Little Rock Sch. Dist., 161 Ark. 466, 257 S. W. 73, where damages were sought.)

The judgment and order appealed from are reversed, and the cause remanded with directions to enter conclusions of law and judgment upon the findings in favor of appellant, school district, in harmony with the views herein expressed.

All the Judges concur.