## IN RE ESTATE OF AUGUST PLOETZ.
### BERTHA OTTING, APPELLANT.[1]

No. 29,268.

March 10, 1933.

*Louis P. Johnson,* for appellant.

*Thompson, Hessian & Fletcher* and *John J. McKasy,* for Henry Ploetz, contestant-respondent.

[1]Reported in 247 N. W. 804.

STONE, Justice.

In the matter of the estate of August Ploetz, the petition of Bertha Otting, one of the devisees therein, for the admission to probate of a purported will was denied. Her appeal to the district court was dismissed. She appeals from an order denying her motion for a new trial.

■ Without awaiting written notice of filing in the probate court of the order denying her petition, appellant served notice of appeal therefrom to the district court October 26, 1929. But that notice, with admission of service, was not filed in the probate court within 30 days nor until December 7, 1929. The order dismissing the appeal was right and is affirmed on the authority of In re Estate of Nelson, 180 Minn. 570, 231 N. W. 218. The point is that the statute, G. S. 1923 (2 Mason, 1927) § 8985, requires both service and filing of the notice of appeal with proof of service "within thirty days after notice of the order, judgment, or decree appealed from."

■ Appellant must be considered as having had that notice, or to have waived it not later than the day on which her notice of appeal to the district court was served. It is settled law that "a motion to the court or other proceeding by a party, with reference to the decision, which presumes his knowledge that it has been made, and by which he seeks to protect his own interest against the rights of the other party under the decision, will be regarded as a waiver of his right to a notice of the decision." Gardner v. Stare, 135 Cal. 118, 120, 67 P. 5. To the same effect are Cottle v. Leitch, 43 Cal. 320; Thorne v. Finn, 69 Cal. 251, 10 P. 414; Bowers v. Watts, 40 S. C. 547, 18 S. E. 888; State ex rel. Grant v. First Judicial District Court, 38 Utah, 138, 110 P. 981, Ann. Cas. 1913B, 437; Downs v. Bruce Independent Sch. Dist. No. 49, 52 S. D. 168, 216 N. W. 949; Webb. v. Webb, 247 Mich. 161, 225 N. W. 514.

Order affirmed.

·ON APPLICATION FOR REARGUMENT.

On April 13, 1933, the following opinion was filed:

STONE, JUSTICE.

Appellant's petition for rehearing is denied. But additional comment is allowable in view of the emphasis it puts upon the right which appellant had, if no adequate notice of the order of the probate court had been given her, to appeal within six months. G. S. 1923 (2 Mason, 1927) § 8985(2). That right does not get us away from the statute requiring not only service of the notice of appeal, but also the filing thereof with proof of service "within thirty days after notice of the order." Strict though the construction may be, we see no escape from the conclusion that it was the intention of the legislature to require both the service and the filing within the 30-day period. Were the law otherwise, it would permit an intolerable practice. The intention was that the appellant should move with celerity. To that end he is required to give his notice of appeal *and* file it, with proof of service, within the time stated.

On the question of waiver of notice, authority is hardly needed to sustain the conclusion that one who takes an appeal without notice of the order appealed from waives such notice.