## IN RE ESTATE OF AUGUST C. PLOETZ.
## HENRY PLOETZ, RESPONDENT.[1]

May 3, 1935.

No. 30,373.

See 188 Minn. 401, 247 N. W. 804.

*Louis P. Johnson,* for appellants.

*Thompson, Hessian & Fletcher* and *John J. McKasy,* for respondent.

DEVANEY, CHIEF JUSTICE.

This appeal brings here for review an order of the district court disallowing an instrument alleged to be the last will and testament of August C. Ploetz, deceased. The instrument was executed September 16, 1921. These parties have been in this court before in connection with the disallowance of a later instrument executed by deceased and alleged at that time to have been his last will and testament. In re Estate of Ploetz, 188 Minn. 401, 247 N. W. 804.

[1] Reported in 260 N. W. 517.

The instrument here sought to be allowed as deceased's will disposes of all property to Dorothy Ploetz, the wife, and to Bertha Ploetz Otting, the daughter. The alleged will contains a provision that when Dorothy Ploetz shall sell a certain farm she shall pay $3,000 to Henry Ploetz, deceased's son by a former marriage. This son is the contestant. The district court affirmed the probate court in disallowing this instrument as decedent's last will and testament. The present appeal is from an order denying appellants' motion for a new trial.

It appears that on September 16, 1921, deceased and Emil Otting, deceased's son-in-law, went to a bank at Le Sueur, Minnesota, of which C. Weis was an officer and J. A. Bachman an employe. Deceased was then 81 years of age. He spoke but a few words of the English language and could read no English. He spoke and read German and subscribed regularly to German newspapers. Four different witnesses testified as to deceased's inability to speak or to read the English language.

Mr. Weis, the banker, drew the alleged will. He did not speak or understand German. Emil Otting instructed Mr. Weis as to what should be put therein. While this was being done decedent sat in a corner of the bank away from Weis and Otting. Otting was made executor. Deceased signed the instrument though unable to read it. Mr. Weis was not a lawyer. He witnessed the will and also procured Mr. Bachman, an employe of the bank, to witness it. Mr. Bachman testified that deceased did not say anything to him and did not request him to become a witness but that he witnessed the will at the request of Mr. Weis. Weis testified that deceased never declared this instrument to be his last will and testament and that he, deceased, did not request anyone to sign as a witness. It appears that four or five days before the execution of this alleged will by deceased, Emil Otting called on Weis and that Weis drew his (Otting's) will. At that time he made arrangements with Weis to bring deceased in and to have Weis draw deceased's will. There was evidence which would permit an inference that Dorothy Ploetz, the wife, and Bertha Otting, the daughter, bore ill feeling toward

the brother Henry Ploetz, the contestant here, and did everything possible to prejudice deceased against Henry. All in all, we think that the evidence was amply sufficient to warrant a finding that deceased did not know that he was executing a last will and testament; that he never published this instrument as his last will and testament; that he never requested anyone to witness the same; that he did not know the contents thereof; and that the instrument for these reasons was not decedent's last will and testament. The question is not what we would have found had we been the triers of fact but whether there is sufficient evidence to support the finding that has been made. From a recital of the facts above, it is clear that there is evidence to support the finding. Therefore the order below must be and the same hereby is affirmed.