## IN RE ESTATE OF JOSEPH LANGER.
## HERMAN LANGER v. FRED LANGER AND OTHERS.[1]

December 24, 1942.

No. 33,261.

George A. French, for appellant.

E. E. Komarek and Arthur J. Phil Jelinek, for Fred Langer as executor of estate of Joseph Langer, respondent.

LORING, JUSTICE.

The district court dismissed Herman Langer's appeal to that court from an order of the probate court allowing the will of Joseph A. Langer. The district court's action was based on two grounds, both of which are urged here by respondents. One was that the appeal was not perfected in time, and the other was that

[1]Reported in 7 N. W. (2d) 359.

appellant had been in the probate court at the time of the hearing on the will but had failed to file objections to its allowance.

■ Minn. St. 1941, § 525.712 (Mason St. 1940 Supp. § 8992-166), provides that an appeal may be taken from an order of the probate court—

"by any person aggrieved within thirty days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree."

In the case at bar the order admitting the will to probate was made and filed by the probate court August 29, 1941. No notice of the filing of the order was ever served on appellant, but from the 11th to the 16th and 17th of December a notice of appeal together with appeal bond was served upon respondents. This notice of appeal was dated October 31, and the trial court took the position that appellant was presumed to have had actual knowledge of the order as of that date; that preparing and dating his notice of appeal was a waiver of the service of the notice of the filing of the order in probate court, citing In re Estate of Ploetz, 188 Minn. 401, 247 N. W. 804; and that, more than 30 days having elapsed between the date of the notice of appeal and the service of it, the appeal was not perfected within the time prescribed by the statute above quoted.

In the Ploetz case, cited by the district court, notice of appeal to the district court was *served* on October 26, 1929, but was not filed in the probate court within 30 days, nor until December 7, 1929. Section 525.712 (§ 8992-166) further provides:

"To render the appeal effective (1), the appellant shall serve upon the adverse party or his attorney or upon the probate judge for the adverse person who did not appear, a written notice of appeal specifying the order, judgment, or decree appealed from, and file in the probate court such notice with proof of service thereof; * * *"

In the Ploetz case this court treated the service of the notice of appeal upon the party prevailing in the probate court as a proceeding by the appellant with reference to the decision (188 Minn. 402, 247 N. W. 805) "which presumes his knowledge that it has been made, and by which he seeks to protect his own interest against the rights of the other party under the decision"; and further, in regard to the effect of such service, it said that it "will be regarded as a waiver of his right to a notice of the decision" (citing numerous cases). In denying a petition for rehearing in that case, this court said (188 Minn. 403, 247 N. W. 805): "On the question of waiver of notice, authority is hardly needed to sustain the conclusion that one who takes an appeal without notice of the order appealed from waives such notice." There it was the action taken by the service of the notice, not actual knowledge of the order appealed from, which created the waiver. In the case at bar there was no action taken, no motion or proceeding by which appellant sought to protect his own interest until the service of the notice of appeal, and hence no waiver of notice until that time. It may be that appellant had actual notice of the order on October 31, or long before that time, but it takes more than actual notice to start the 30-day period running. As said by this court in In re Estate of Nelson, 180 Minn. 570, 571, 231 N. W. 218, 219:

"It is only written notice from the adverse party that can limit to 30 days thereafter the time for appeal."

Waiver of notice in that case did not take place until the service of the notice of appeal. In the case at bar, it is quite obvious that appellant did not succeed in getting his appeal bond until November 25.

■ Section 525.712 (§ 8992-166) provides that the appeal to the district court "may be taken by any person aggrieved," and it is the position of the trial court and of the respondents that, since appellant was present in the probate court at the time of the hearing on the will, but filed no written objections to its validity, he is not in a position to avail himself of an appeal from the order al-

lowing the will. Minn. St. 1941, § 525.241 (Mason St. 1940 Supp. § 8992-54), provides:

"No person may contest the validity of a will unless the grounds of objection thereto are stated in writing and filed at or before the time of the hearing."

The present probate code, which was enacted by the 1935 legislature, upon its introduction to the senate was accompanied by an explanation which commented, section by section, on the provisions of the code, and where new provisions were proposed or where modifications were incorporated, the explanation so indicated. However, as to § 525.712, which was § 166 of the code, the following comment is all that appears:

"Two sections consolidated. Requires representative when appealing on his own behalf to file bond. * * * Appellant required to complete appeal by paying appeal fees, so that matter will automatically go to district court. Method of giving notice clarified."

It is quite obvious that the code of 1935 consolidated Mason St. 1927, §§ 8984 and 8985. Section 8985 related to how and when an appeal might be taken; § 8984 related to persons who might take the appeal. After special provision, under § 8983(4), for appeals relating to the allowance or disallowance of claims or counterclaims against the estate, § 8984 provided:

"In all other cases the appeal can be taken only by a party aggrieved, who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, did not appear and take part in the proceedings."

We see no evidence in the section of the probate code which consolidates the two sections from Mason's Statutes of an intent to change the effect of the law as it appears in those two sections, and in this we are confirmed by the absence of comment to that effect in the explanation which accompanied the proposed probate code upon its introduction in the senate.

In the case at bar the minutes of the probate court, while noting that Herman Langer was present at the hearing, do not disclose that he entered an appearance or took any part in the proceedings. On the contrary, it is noted that he neither made nor filed any written objections to the allowance of the will.

In Schleiderer v. Gergen, 129 Minn. 248, 152 N. W. 541, it was urged that the objector to a will, having made no objection in the probate court, could not be heard to contest the will in the district court. The court said (129 Minn. 249, 152 N. W. 542) :

"We are of the opinion that the statute gives him this right. An appeal from an order or judgment of the probate court may be taken to the district court 'by a party aggrieved * * * who, being entitled to be heard thereon, did not appear and take part in the proceedings.' G. S. 1913, § 7491; Sheeran v. Sheeran, 96 Minn. 484, 105 N. W. 677. The objector is such a party. Having the right to appeal, he must necessarily have the right to try out the case on appeal. Otherwise the right of appeal would be a barren right."

This court said in In re Estate of Jefferson, 167 Minn. 447, 451, 209 N. W. 267, 268:

"It is probably true that one pecuniarily interested in a will contest may at the hearing appear and passively arraign himself either with the proponents or with the contestants and still there is nothing in the statute which prevents one who has so done from appealing from the order made though it was in favor of the side with which he had arraigned himself."

And in Sheeran v. Sheeran, 96 Minn. 484, 487, 105 N. W. 677, 678:

"Had the husband lived, he would have had the right to appeal, within thirty days from the entry of the order, regardless of whether he appeared at the hearing or not."

Obviously, failure to comply with § 525.241 in the probate court does not preclude a party from making objections in the district

court, since he may do so though he did not appear at all in probate court or even if, in the district court, he takes a position different from that in the probate court. The cited opinions of this court have stood as the interpretation of the law through many sessions of the legislature without that body taking any action to change the tenor of the provisions so interpreted.

We therefore hold that Herman Langer was a party aggrieved by the order of the probate court; that he was entitled to take an appeal from that order although he made no objections to the allowance of the will in the probate court; and that his appeal was taken in time.

Judgment reversed.

STREISSGUTH, JUSTICE (concurring).

In re Estate of Ploetz, 188 Minn. 401, 247 N. W. 804, unless overruled, in my opinion sustains the lower court's order dismissing the appeal from probate court. The reasoning of Mr. Justice Stone in that case is, in my opinion, unsound, and this court should unequivocally overrule it rather than try to distinguish it from In re Estate of Nelson, 180 Minn. 570, 231 N. W. 218.