## E. W. JOHNSON AND ANOTHER v. ALBERT FITZKE AND ANOTHER.[1]

May 18, 1951.

No. 35,466.

*Marshall S. Snyder,* for appellants.

*Stone, Anthony & MacKenzie* and *Henry Flor,* for respondents.

MATSON, JUSTICE.

Appeal by defendants from a judgment declaring that defendants have no right, title, or interest in or to certain farm premises other than as tenants.

We are primarily concerned with the question whether the defendants, by virtue of a so-called option clause contained in a farm lease and a subsequent oral agreement, have acquired a right to pur-

[1]Reported in 48 N. W. (2d) 37.

chase the demised premises from their lessor to the exclusion of a third-party purchaser. Plaintiff Clifford A. McCloskey, herein called McCloskey, is the owner or lessor. E. W. Johnson, the other plaintiff, herein called Johnson, is the third-party purchaser.

On April 24, 1944, McCloskey demised a 208-acre farm to defendants for a term of six years by a written lease wherein he reserved the right to sell the premises during the leased term. The lease contained the following provision:

"In case Lessor shall contemplate and before he shall sell the herein demised premises, Lessees shall have the first option to purchase such herein demised premises *at such price as may be agreed upon by and between the Lessor and any bona fide purchaser."* (Italics supplied.)

The parties have stipulated that on Saturday, June 18, 1949, McCloskey, pursuant to mesne negotiations and pursuant to the aforesaid contract of lease, *orally* contracted and agreed that defendants could take advantage of said option by paying McCloskey a purchase price of $23,000, *and this offer could be accepted by the defendants on or before the following Monday.* The very next day, namely, on Sunday, before the period for the acceptance of the offer had expired, McCloskey, through his agent, revoked the offer and at the same time informed defendants that the farm was now to be sold for $130 an acre, and that defendants could have the first chance to buy at that figure. Neither offer was accepted by defendants.

About six weeks later, on August 6, 1949, McCloskey contracted in writing for the sale of the farm to Johnson for $25,792 *subject to the option of the defendants for the purchase of the farm as set forth in the lease.* By letter dated August 9, 1949, McCloskey informed defendants that he had a buyer for said farm, and that if they decided to exercise their option of purchase they should contact his agent. The same day, McCloskey's agent also wrote a letter to defendants informing them of the proposed sale to Johnson and of the terms thereof and notifying them that they would have

until August 15, 1949, to exercise their option for the purchase of the farm. Neither McCloskey nor his agent received any notice from the defendants before August 15—or in fact at any time thereafter—that defendants had elected to exercise their option or right to buy the farm for $25,792, the sale price to Johnson. On August 15, 1949, McCloskey by earnest money contract sold the farm to Johnson.

Although the farm lease specifically provided that in the event of a sale before the lease term had expired the purchaser should have the right to enter upon the farm premises to plow or otherwise improve any cultivated land not in actual use, defendants refused to accord this right to Johnson, on the ground that they, defendants, by virtue of the oral offer of June 18, 1949, had an accrued right of purchase—antedating and superior to that of Johnson—and that they have at all times been ready to pay the purchase price. McCloskey and Johnson thereupon brought this action to enjoin defendants from obstructing or interfering with Johnson's right of entry. Defendants by their counterclaim demand specific performance of their alleged option—as implemented by the oral offer of June 18, 1949—by a conveyance to them of the premises upon their payment of $23,000 to McCloskey. Upon stipulated facts, the trial court found that defendants had not accepted any offer for the sale of the premises to them, and that they had not exercised any right of option for the purchase of the premises. Defendants were adjudged to have no right, title, or interest in the premises other than as lessees under the lease.

■ We are concerned not only with a consideration of the nature and purpose of the oral agreement of June 18, 1949, but also of the nature of the right created by the option clause of the lease. It is not contended by the parties, and the case was not submitted to the trial court upon the theory, that the written lease—either as to the option clause or otherwise—was amended by the oral agreement. According to the allegation of the counterclaim and as pointed out in defendants' brief, the oral offer of $23,000 was made pursuant to, and for the purpose of carrying out or taking advan-

tage of, the option found in the lease, and not to create any new option or right of purchase. As an offer to carry out an existing option, the oral agreement was wholly abortive, in that the option clause did not create a true option in the sense of having vested in defendants a right in personam to buy the premises at their election. Cf. Chournos v. Evona Inv. Co. 97 Utah 335, 93 P. (2d) 450, and Shaughnessy v. Eidsmo, 222 Minn. 141, 23 N. W. (2d) 362, 166 A. L. R. 435.

"* * * An option may be defined as an agreement by which one binds himself to perform a certain act, usually to convey property, for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept upon the terms specified. * * *

*    *    *    *    *

"The nature of a contract as an option or obligation to purchase is to be determined not by the name which the parties have given it, but by the nature of the obligations which it imposes." 12 Am. Jur., Contracts, § 27.

By the express terms of the option clause, no right of purchase could accrue and vest in defendants until a condition precedent had been fulfilled, namely, the happening of a specific future event in the form of the making of an actual agreement as to price between the lessor and a bona fide purchaser. On June 18, 1949, defendants had no accrued right of purchase, but only a promise thereof, which, for fruition, was wholly dependent upon a future event which might never occur. By the option clause, the lessor, McCloskey, did nothing more than bind himself to extend to defendants an opportunity of purchase when and if he decided to sell the premises and then only if he received an acceptable offer from a bona fide purchaser. Chournos v. Evona Inv. Co. 97 Utah 335, 93 P. (2d) 450.

We do not mean to say that if, when the oral agreement was made, defendants had then possessed a vested right to buy the premises at their election the result would be any different, in the

absence of an amendment of the written instrument, but merely to emphasize that the oral agreement of June 18, 1949, was nothing more in effect than a separate and independent offer of sale that must stand or fall on its own merits without aid from the written lease. It follows that the consideration for the written lease, and any act or service performed in fulfillment of such lease, are not related in any manner to, and cannot be considered as a consideration for, McCloskey's oral promises to sell the premises for $23,000. Before the oral offer had been accepted by defendants the offer was withdrawn. An offer not supported by a consideration may be revoked before acceptance, even though it expressly gives an offeree a definite time in which to accept. William Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898; Restatement, Contracts, § 41; 2 Dunnell, Dig. & Supp. §§ 1740, 1741; 12 Am. Jur., Contracts, §§ 31, 32.

It is true that under the option clause defendants did acquire a vested right in personam to purchase the premises when Johnson appeared as a purchaser. Defendants, however, did nothing to exercise such right when it did accrue. It follows, therefore, that the judgment of the trial court must be affirmed.

Affirmed.