KENNETH N. BRACHMANN v. RAYMOND A. NETZINGER.

196 N. W. 2d 616.

March 31, 1972—No. 43045.

*Donald A. Hillstrom,* for appellant.

*Lindquist & Vennum* and *John B. Winston,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Appeal by defendant from an order denying his motion for a new trial and from the judgment awarding plaintiff specific performance of an option to purchase real property incorporated in a written lease agreement between plaintiff as lessee and defendant as lessor.

The critical issue is whether plaintiff's timely election to exercise the option conformed to the terms and conditions prescribed by the option provision of the lease. As we interpret the record, the trial court found in essence that plaintiff's tender of the specified purchase price was in accordance with the terms of the lease option agreement as intended and understood by the parties, and it ordered specific performance in favor of plaintiff. We affirm.

Defendant, a traveling salesman, and plaintiff became friends in 1967. About August 1, 1968, plaintiff, at defendant's invitation, moved into a dwelling house adjoining defendant's residence and owned by him. Defendant wanted someone to pick up his mail and to care for his home when he was "on the road," and plaintiff was motivated by his expressed desire to purchase the dwelling, which defendant had originally acquired as a home for his parents, now deceased. On October 29, 1968, the parties executed a written lease. The lease period was for one year with a monthly rental of $165 to be paid by plaintiff. The lease was prepared by defendant, who used a standard printed form but incorporated a typewritten option provision granting plaintiff the right to pur-

chase the property. That provision, expressed in the following language chosen by defendant, stated:

"* * * It is also agreed that said lessor grants option to purchase said designated property during or at expiration of said date of lease for the consideration of $25,000.00, (Twenty Five Thousand Dollars). It is also agreed that any portion of rent obtained from Lessee shall be considered as equity after all expenses have been deducted from original rental fee, including any major repairs necessary. Expenses are hereby defined as costs required to satisfy present mortgage on property with all costs required to maintain property in desirable state, and such costs required of Lessor to exercise this option. All taxes and closing costs, should Lessee exercise his option to buy said property, shall be borne by Lessee. It is hereby also agreed by Lessor, that option of Lessee to purchase said property may be extended for period of one year beyond original expiration of lease. Should Lessee renew his lease, Lessor does reserve the right to further increase Lessee's rental fee to extent of covering any and all costs necessary to maintain property for renewal of lease. A Minimum of $1,000.00 is required to exercise option."

Viewing the evidence most favorably to sustain the trial court's decision, as we must, the evidence establishes that in the spring of 1969 and on several subsequent occasions plaintiff discussed with defendant the exercise of the option, each time without success. He sought legal advice, and on September 16, 1969, his attorney sent by certified mail a notice to defendant of plaintiff's intention to exercise the option by paying cash in the amount of the difference between the option price and the balance of the mortgage, which he would assume. Plaintiff's attorney requested information regarding the amount of expenses plaintiff would be required to pay defendant in exercising the option. No reply to this letter was received. On October 8, 1969, plaintiff's attorney again, by certified mail, notified defendant that plaintiff was exercising the option, and he enclosed a copy of a letter from defendant's mortgagee which showed the status of the mortgage. This letter repeated plaintiff's understanding that he expected to meet the $25,000 purchase price by assuming the mortgage and by paying defendant cash for the difference and for such additional expenses as were required by the option provision. The second letter was also unanswered. On the last day of the lease term, October 29, 1969, plaintiff, accompanied by his attorney, went to defendant's residence to tender the purchase price to exercise the option. Defendant was not at home, so a letter by plaintiff's attorney, dated October 29, was left at defendant's home outlining the terms of plaintiff's tender in detail and enclosing

a certified check payable to defendant in the amount of $4,500.82.[1] The letter also stated that plaintiff was willing to discuss additional charges, if any, not reflected in the computation of the amount due. The letter further indicated that, since the option was "somewhat unclear," an additional certified check for $1,354.01 was included representing what plaintiff computed to have been the interest defendant had paid on the mortgage during the lease term.

The record discloses that defendant received all the letters, yet refused to respond. Plaintiff brought this action for specific performance, and, while it was pending, defendant brought an unlawful detainer action alleging plaintiff was holding over after termination of the lease. Plaintiff then obtained a temporary injunction enjoining that proceeding pending trial of this action for specific performance.

An option to purchase is not a purchase of the property but rather a purchase of the right to buy the property if the optionee elects to do so within the proper time. Vogt v. Ganlisle Holding Co. 217 Minn. 601, 15 N. W. 2d 91 (1944). The election to exercise the option must be clear, unambiguous, and according to and in the manner prescribed by the terms of the option agreement. Kastner v. Dalton Development, Inc. 265 Minn. 511, 122 N. W. 2d 183 (1963). There is no dispute that plaintiff, within the time required, clearly and unambiguously elected to exercise his option. The parties stipulated that the critical issue to be decided by the trial court was whether plaintiff's tender of payment, which included an assumption of the balance due on defendant's existing mortgage, was in compliance with the terms of the option agreement. It is obvious that the parties' intention with respect to this issue cannot be ascertained from the ambiguous language of the option agreement. See, Gassert v. Anderson, 201 Minn. 515, 521, 276 N. W. 808, 811 (1937). Thus, parol evidence concerning the parties' interpretation of the language must control in determining their understanding. Kastner v. Dalton Development, Inc. 265 Minn. 511, 517, 122 N. W. 2d 183, 187. The testimony of the parties on this issue was in direct conflict. While the trial court's findings on this issue lack clarity, we are satisfied that the issue was resolved by the court's acceptance of plaintiff's testimony that, despite defendant's denial at trial, at the time the lease was executed the parties understood that defendant consented to plaintiff's assumption of the existing mortgage should he elect to exercise the option. This is implicit in the trial court's finding that plaintiff "did

---

[1] This was to represent the option price of $25,000, less the mortgage balance of $18,700, less the total of the year's rental payments of $1,980, plus $180.82 (representing one-half of the 1969 taxes paid by defendant).

tender and offer to perform his obligations under the option agreement"; in the court's conclusion that he "properly exercised" the option to purchase; and in the court's memorandum explaining that "it was the intention of the parties that plaintiff was to be allowed to assume the existing mortgage and that costs of satisfying the mortgage meant the interest costs only."

The record fully supports the finding and determination by the trial court.[2] See, Ferch v. Hiller, 209 Minn. 124, 295 N. W. 504 (1941); Gassert v. Anderson, *supra*. It may be noted that the record would have supported a finding that merely a clear election to exercise the option would have been sufficient, unaccompanied by any tender, since it appears that defendant, after July 1969, regarded the option agreement as improvident, and any tender embodying minimal requirements of the option would not have persuaded him to honor the option. See, Country Club Oil Co. v. Lee, 239 Minn. 148, 58 N. W. 2d 247 (1953).

Based upon the record, including the agreement during trial limiting the issues to be litigated, the trial judge was clearly justified in ignoring defendant's allegations that the plaintiff had breached the lease agreement prior to his electing to exercise the option. Moreover, there was little evidence to support this claim, much less to compel a finding of a clear and unequivocal manifestation of defendant's intention to terminate the lease upon an asserted breach by plaintiff. See, Gassert v. Anderson, *supra*.

Finally, defendant's claim of want of consideration for the option agreement is wholly without merit since the obligations assumed under a lease constitute sufficient consideration for an incorporated option to purchase. See, Gassert v. Anderson, *supra*.

Affirmed.

---

[2] Since the decisive issue as determined by the trial court is clearly sustained by the evidence, we regard as unjustified but harmless error the statement by the trial judge in his memorandum that "judicial notice must be taken of the common practice in this day and age of purchasers and optionees assuming existing mortgages on the premises being purchased."