H. NORMAN NAFSTAD, JR. v. LEO P. MERCHANT
AND ANOTHER.

228 N. W. 2d 548.

April 11, 1975—No. 45151.

*Welter & Rosenthal, Eugene F. Welter, Popham, Haik, Schnobrich, Kaufman & Doty, Wayne G. Popham,* and *Loren Tucker,* for appellants.

*Cox, King & Stern, Michael J. Hoover,* and *Charles Cox,* for respondent.

Heard before Kelly, Todd, and Chanak, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendants appeal from an adverse judgment in the Hennepin County District Court.

The facts are as follows: On July 10, 1970, Leland J. Salisbury executed an option with defendants to buy a parcel of real estate which defendants owned. The one year option provided in pertinent part:

"Any notice demand or communication which may or shall be given or served hereunder shall be in writing and shall be deemed given and served and personally delivered, or if mailed shall be given or served the day of depositing the same in the mail, postage prepaid, certified or registered mail, and addressed as follows: To sellers,at 3140 Douglas Drive, Mpls., Minn."

This option was assigned to plaintiff. On June 23, 1971, 17 days prior to the expiration of the option, plaintiff's attorney sent written notice to defendants by regular mail that plaintiff was then exercising his option to buy their property. No answer was received from defendants and a second letter, dated July 8, 1971, was sent by plaintiff's attorney advising defendants that plaintiff wished to close the sale. Again receiving no reply, a third letter of August 6, 1971, was sent threatening legal action. Defendants admit receiving this final letter, but deny receipt of either of the two others sent before the expiration of the option period.

Plaintiff brought this action to compel defendants to execute and deliver a conveyance of their property by warranty deed upon payment of the agreed purchase price. The jury found, in answer to a special verdict interrogatory, that defendants had received either or both of the letters of June 23 and July 8, 1971. The trial court then ruled as a matter of law that defendants received actual and timely notice which was in substantial compliance with the terms of the option agreement. Judgment was duly entered for plaintiff.

Two issues are raised by these facts, both of which are easily resolved:

(1) Does the evidence support the jury's conclusion that either or both of the letters had been received by defendants?

(2) Was the trial court correct in holding that notice by regular mail was in substantial compliance with the terms of the option contract?

1. We start with the presumption, in the absence of proof to the contrary, that mail properly addressed and sent with postage prepaid is duly received by the addressee. Nemo v. Local Joint Executive Board, 227 Minn. 263, 266, 35 N. W. 2d 337, 339, 811 (1948); 7A Dunnell, Dig. (3

ed.) § 3445. The presumption of receipt is based on the regularity and certainty with which, according to common experience, the mail is carried. In re Estate of Nelson, 180 Minn. 570, 572, 231 N. W. 218, 219 (1930). Defendants, by denying receipt of two of plaintiff's letters, put the burden of proof upon plaintiff to prove timely mailing by a fair preponderance of the evidence. To do so plaintiff was required to show evidence of habit or custom with respect to mailing from the sender's office, coupled with some evidence showing compliance with the custom in the particular instance. Dept. of Employment Security v. Minn. Drug Products, Inc. 258 Minn. 133, 104 N. W. 2d 640 (1960); Suits v. Order of United Commercial Travelers, 139 Minn. 246, 166 N. W. 222 (1918); Annotation, 25 A. L. R. 9, 13. As we view the record, the unrebutted evidence introduced by plaintiff more than adequately supports the jury's conclusion that either or both of the letters of June 23 and July 8 were received by defendants. Ruder v. National Council, 124 Minn. 431, 145 N. W. 118 (1914).

■ Defendants assert that the option contract required that the written notice be sent by registered or certified mail and that notice as sent by regular mail was ineffective to exercise the option. Plaintiff counters that written notice was the only material condition regarding option exercise, and that the wording "certified or registered" mail only pertained to an optional manner of exercise, not an absolute requirement.

Since a contract conferring an option to purchase real estate is nothing more than an irrevocable and continuous offer to sell for a specified period of time,[1] basic rules of contract law apply. The acceptance or exercise of the option "offer" must be according to the terms specified in the contract.[2] However, even if we were to hold that plaintiff's use of regular mail was unauthorized, the notice was still effective upon receipt by defendants. Restatement, Contracts 2d, Tentative Draft No. 1, § 68, provides that:

"Where an acceptance is seasonably dispatched but the offeree uses means of transmission not invited by the offer or fails to exercise reasonable diligence to insure safe transmission, it is treated as operative upon dispatch if received within the time in which a properly dispatched acceptance would normally have arrived."

[1] Vogt v. Ganlisle Holding Co. 217 Minn. 601, 15 N. W. 2d 91 (1944); 20 Dunnell, Dig. (3 ed.) § 10016.

[2] Brachmann v. Netzinger, 293 Minn. 405, 196 N. W. 2d 616 (1972); Kastner v. Dalton Development, Inc. 265 Minn. 511, 122 N. W. 2d 183 (1963); Johnson v. Fitzke, 234 Minn. 216, 48 N. W. 2d 37 (1951).

This rule, coupled with the jury's finding of actual receipt by defendants, supports the trial court's conclusion of law that notice sent by regular mail substantially complied with the terms and conditions of the option agreement and was sufficient notice of the exercise of the option as a matter of law.

Lastly, defendants challenge the trial court's ruling that notice was timely received by them. To be effective, the option had to be exercised by July 10, 1971. The unrebutted testimony showed that two letters were sent by plaintiff's attorney to defendants to fulfill that objective, one of June 23, and the second of July 8, 1971. The lower court relied on the presumption, implicit upon a showing of custom and habit for sending correspondence, that the letters would be received in due course. Plath v. Farmers' Mutual Fire Ins. Assn. 23 Minn. 479, 23 Am. Rep. 697 (1877). The court could take judicial notice that the approximate time required for the delivery of mail within the same metropolitan area was one or two days. In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104 (1934). Under these circumstances, we fail to see how the June 23, 1971, letter could not have reached defendants in time for the option exercise to be effective. The July 8 letter was closer to the deadline, but we will not overturn the lower court's decision that it, too, could have been timely received where there is evidence tending to support that conclusion and it is not clearly erroneous. Rule 52.01, Minnesota Rules of Civil Procedure.

Affirmed.